NOT DESIGNATED FOR PUBLICATION

No. 128,766

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TERRENCE M. DOUGLAS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Submitted without oral argument. Opinion filed July 31, 2026. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before MALONE, P.J., ATCHESON, J., and MICHAEL B. BUSER, retired Court of Appeals Judge, assigned.

PER CURIAM: This appeal of a probation revocation from Sedgwick County District Court turns on the proper way to measure an extension of defendant Terrence M. Douglas' probation for "six months." In keeping with settled Kansas authority, we find the six-month period began the day after the district court entered the extension order and ran through the same numbered day of the sixth following month. As we explain, the district court, therefore, had jurisdiction to revoke Douglas' probation. We affirm that ruling.

1

In August 2021, the district court placed Douglas on probation with an underlying 37-month sentence for violating the Kansas Offender Registration Act, K.S.A. 22-4901 et seq. On July 24, 2023, the district court extended the probation for "six months." On January 24, 2024, the district court signed and filed another extension to March 11, 2024. The State sought a warrant on March 4, 2024, for multiple probation violations. At a later hearing, the district court revoked Douglas' probation and ordered that he serve the 37-month sentence.

On appeal, the lawyers for the State and for Douglas agree that the controlling issue is when the July 24 probation extension expired. If it expired on January 23, 2024, as Douglas contends, then the extension entered the next day was untimely, so the district court no longer had personal jurisdiction over Douglas and could not have revoked his probation based on the March 4 warrant. See K.S.A. 22-3716(e) (State has 30 days after expiration of probation period to obtain warrant for violations). But if the extension ran through January 24, 2024, as the State contends, the district court properly entered the new extension order through March 11, making the March 4 warrant timely. Douglas has not otherwise challenged the revocation of his probation and the district court's order that he serve the underlying sentence.

Douglas offers no authority supporting the way he says the six-month period should be measured. By the same token, the State cites no directly relevant authority for its position. But we are not so adrift legally as the parties' briefing might suggest.

Under K.S.A. 60-206(a), the computation of time rules set out there apply to a "court order" or "any statute or administrative rule or regulation that does not specify a method of computing time." Neither the criminal code nor the code of criminal procedure establishes any general method for computing time, and the specific statutes governing probations and their revocation do not. The Kansas appellate courts have applied the rules on computation of time set out in K.S.A. 60-206 to criminal matters. See *City of*

2

*Lawrence v. McCormick*, 275 Kan. 509, 510-12, 66 P.3d 854 (2003) (computing time for appeal of criminal conviction in municipal court to district court and determination of excluded holidays); *State v. White*, 234 Kan. 340, 345, 673 P.2d 1106 (1983) (applying K.S.A. 60-206 to computation of speedy trial time under interstate Agreement on Detainers); *State v. Powers*, 29 Kan. App. 2d 166, 167-68, 25 P.3d 147 (2001) (applying K.S.A. 60-206 to probation revocation). We have been given no good reason to follow a different path.

Under K.S.A. 60-206(a)(1), when a time period is stated in days or a longer unit, the first day triggering the time is excluded and the period ends on the last day unless it is a Saturday, Sunday, or legal holiday in which case the period extends to the next day that is not a Saturday, Sunday, or legal holiday. That method of computation applies here. We may take notice that January 24, 2024, was a Wednesday. Neither January 23 nor January 24 was a legal holiday. The computation rule would exclude July 24, 2023, from the time period, so the six months would end on January 24, 2024.

This corresponds to the common method of computing time measured in months, as recognized in *Allbritten v. National Acceptance Co.*, 183 Kan. 5, 325 P.2d 40 (1958). In *Allbritten*, the court considered how to measure a month for purposes of G.S. 60-3309 (1949 Corrick), requiring that an appeal to the Kansas Supreme Court be perfected "within two months from the date of the judgment." 183 Kan. at 9. The court held that the word "month" means a "calendar month" that is measured by "looking at the calendar" and runs from a given day in one month to the corresponding numbered day in the next month. 183 Kan. at 9. This is the generally accepted rule. See 86 C.J.S. Time § 8; 74 Am. Jur. 2d Time § 8 (noting rule but identifying Maryland and Nebraska as states that find a "month" runs to corresponding number in next month less one). Again, we have been given no reason we can or should deviate from the reasoning in *Allbritten*.

3

The *Powers* opinion is closely analogous to the factual circumstances here. In that case, Defendant Christina Powers was convicted of misdemeanor obstruction of official duty and was placed on a one-year probation beginning July 17, 1998. On July 15, 1999, she signed what the court characterized as a 12-month extension of the probation. The probation extension order was filed on July 19, 1999. At a later revocation hearing, Powers contended her probation had expired before the order was filed, so the district court had no authority to revoke—essentially the same argument Douglas makes. The district court rejected the argument, and our court affirmed. We held that because the original probation termination date of July 17, 1999, fell on a Saturday, the time period to file the extension order ran to the next day that was not a Saturday, Sunday, or legal holiday, as set out in K.S.A. 60-206. *Powers*, 29 Kan. App. 2d at 167-68. So the filing was timely on the following Monday (July 19), and the district court had jurisdiction to revoke. Applying the part of K.S.A. 60-206 bearing directly on Douglas' claim, we should find the six-month period ran until January 24, 2024. That result is consistent with the application of time computation rules in K.S.A. 60-206 to probation revocations, as was done in *Powers*.

Based on the authority we have identified, we conclude that Kansas law favors the State's position here. The six-month extension of Douglas' probation ordered on July 24, 2023, ran through January 24, 2024. So the extension entered on January 24 was effective and permitted the revocation of Douglas' probation based on a warrant issued during its term.

Affirmed.